UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J ASCENZI,  :
:
        Plaintiff,  :
:  CIVIL NO. 3:CV-05-1656
    v.  :
:  (CHIEF JUDGE VANASKIE)
DR. R. DIAZ, ET AL.,  :
:
        Defendants.  :

# M E M O R A N D U M

I.    **Background**

Michael J. Ascenzi, an inmate at the Retreat State Correctional Institution ("SCI-Retreat"), Hunlock Creek, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on August 15, 2005. In his complaint, Ascenzi asserts deliberate indifference to medical conditions while housed at the Luzerne County Prison and then SCI-Retreat. He names the following SCI-Retreat medical personnel as defendants: Dr. Diaz and J. Mataloni, SCI-Retreat's Corrections Health Care Administrator. Dr. Gunnar Kosek, a physician at the Luzerne County Prison, is also named as a defendant. (Dkt. Entry 1.) On November 16, 2005, Plaintiff filed "an amendment" to his complaint which addresses more recent events related to his desire for a bottom bunk designation for medical reasons. (Dkt. Entry 12.)

Because Ascenzi's complaint and amendment do not satisfy the requirements of Federal Rule of Civil Procedure 8(a) and Federal Rule of Civil Procedure 20(a), he will be given the opportunity to file an amended complaint which must comport with the requirements of these rules.  Failure to do so will result in the dismissal of this action.

II.          **Discussion**

Rule 8(a) requires that a plaintiff provide a "short, plain statement" of his claims.  As the word "Rule" implies, Rule 8 is not merely aspirational; if a complaint does not comply with the Rule, it may be stricken.  See Nagel v. Pocono Med. Ctr., 168 F.R.D. 22, 23 (M.D.Pa. 1996) (citing Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

The instant complaint is over eight pages long (not including the attachments to it or his recent the supplemental filing), names three defendants from different correctional systems (county and state), and consists of several long paragraphs that span entire pages and concern multiple events within each paragraph.  While it is clear that Ascenzi is asserting an Eighth Amendment challenge to his medical care, the complaint and amendment are unclear as to the alleged actions, or involvement, of each defendant in each of the alleged violations.  It would be difficult, if not impossible, to attempt to (1) define all the claims raised by Ascenzi (some of which are related to the denial of specific medical treatment while some aver that he is being denied access to medical care); (2) delineate which defendants are alleged to be involved

with each claim; and (3) establish the facts upon which Ascenzi relies to support each claim.[1]  A clear picture of the individual actions and claims against each defendants would be a benefit to all.

Furthermore, the Court has some concern that Ascenzi is attempting to join various defendants, related or not, in one lawsuit.  This would violate Fed. R. Civ. P. 20(a). Rule 20 sets forth the proper test for determining whether parties are properly joined in an action.  In pertinent part, the Rule provides:

> (a) Permissive Joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or <u>arising out of the same transaction, occurrence, or series of transactions or occurrences</u> and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a)(emphasis added).  Courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to

---

[1] In order to assert an actionable civil rights claim, Plaintiff must allege that a named person has deprived him of a federal right, and that this person acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Liability cannot be imposed on a defendant in a § 1983 claim based on a <u>respondent</u> <u>superior</u> theory.  <u>Id</u>.

promote judicial economy. 7 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 1653 at 410-12 (3d ed. 2001).  At this point it is unclear whether all three of the named defendants, who are employed at various types correctional facilities (county and state) are properly joined in this action.

Based on the foregoing, and in the interests of justice to this <u>pro se</u> litigant, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), Ascenzi will be granted twenty days to submit an amended complaint which satisfies the requirements of Rules 8 and 20.  The amended complaint shall set forth each claim separately and name only the defendants in each claim that Plaintiff seeks to hold liable for that claim.  The allegations that support each claim shall also be set forth in separate, numbered sentences, rather than in three long unbroken paragraphs.

Ascenzi is also advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." <u>Young v. Keohane</u>, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  Failure to file an appropriate amended complaint will result in the dismissal of his

action without prejudice. An appropriate Order is attached.

                                                  **s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J ASCENZI, :
:
        Plaintiff, :
: CIVIL NO. 3:CV-05-1656
    v. :
: (CHIEF JUDGE VANASKIE)
DR. R. DIAZ, ET AL., :
:
        Defendants. :

## O R D E R

AND NOW, this 18th day of November, 2005, for the reasons set forth in the accompanying Memorandum, it is ORDERED that:

1. Within twenty (20) days of the date of this Order, Ascenzi may file an amended complaint in accordance with Federal Rules of Civil Procedure 8(a) and 20(a).

2. Failure to submit such an amended complaint will result in the dismissal of this action, without prejudice.

                                         s/ Thomas I. Vanaskie
                                         Thomas I. Vanaskie, Chief Judge
                                         Middle District of Pennsylvania